**In re Robert L. CROUCH and Karen S. Crouch, Debtors.**

**Bankruptcy No. 88–20328.**

United States Bankruptcy Court, S.D. West Virginia.

April 15, 1989.

Amos W. Perrine, Charleston, for Colgasco Employees Federal Credit Union.

Mary Jane Pickens, Caldwell, Cannon–Ryan & Riffee, Charleston, W.Va., for debtors.

MEMORANDUM OPINION AND ORDER SETTING ASIDE SEPTEMBER 13, 1988 ORDER WHICH REQUIRED DEBTORS TO AMEND THEIR STATEMENT OF INTENTION REGARDING SECURED CONSUMER DEBTS TO INDICATE THAT THEY WOULD EITHER REAFFIRM THEIR DEBT TO COLGASCO EMPLOYEES FEDERAL CREDIT UNION OR REDEEM THE AUTOMOBILE SECURING THAT DEBT

RONALD G. PEARSON, Bankruptcy Judge.

On October 24, 1988, the Court conducted a hearing on the Debtors' motion to reconsider and stay the effect of a September 13, 1988 Order which required the Debtors to amend their statement of intention regarding secured consumer debts within fifteen (15) days to indicate that they would either reaffirm their secured debt to Colgasco Employees Federal Credit Union ["Colgasco"] or redeem the 1987 Volkswagen Golf automobile securing that debt. At the conclusion of the hearing, the Court announced that it would stay the effect of the Order under reconsideration pending issuance of a final ruling on the motion which was taken under advisement. After thoroughly considering the facts in this case and the legal memoranda submitted by counsel for the Debtors and Colgasco, this Court will set aside its September 13, 1988 Order.

Facts relevant to the Debtors' motion for reconsideration are not in dispute. The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on April 22, 1988. Colgasco was among the creditors listed on the Debtors' bankruptcy schedules. This creditor was listed as having a claim in the amount of $12,585.74, secured by a lien on a 1987 Volkswagen Golf automobile. The Debtors filed along with their Chapter 7 petition and schedules a statement of intention regarding their secured consumer debts. This statement also listed the debt owed to Colgasco and indicated that the Debtors intended to retain the 1987 automobile securing that credit union's claim. The Debtors did not indicate on their statement of intention whether they planned to claim the subject motor vehicle as exempt, redeem the vehicle, or reaffirm the debt secured by the vehicle.

At all times since the execution of the promissory note between the Debtors and Colgasco, payment to Colgasco on the indebtedness arising from that note has been made by means of a deduction from the wages of the Debtor, Robert Crouch. This wage deduction did not cease at any point following the Debtors' bankruptcy filing. The Debtors have always been current in their payments to Colgasco.

On July 12, 1988, Colgasco served the Debtors and their counsel with a motion requesting an order of the Court requiring the Debtors to reaffirm their $12,585.74 debt secured by the 1987 Volkswagen Golf automobile or to redeem the collateral securing their loan. The Debtors' counsel filed a response to Colgasco's motion, and the Court convened an August 24, 1988 hearing on the motion and response. That hearing resulted in the entry of the September 13, 1988 Order now under reconsideration.

The principal legal issue raised by the Debtors' motion for reconsideration is whether the provisions of 11 U.S.C. § 521(2)(A) mandate that a debtor elect to exempt or redeem property securing a debt or to reaffirm the secured debt.

Counsel for Colgasco maintains that § 521(2)(A) of the Bankruptcy Code requires a debtor to file a statement of intention with respect to the retention or surrender of property securing claims. Colgasco's counsel further maintains that the debtor must specify on his statement of intention whether he wishes to exempt or redeem the collateral, or reaffirm the debt secured thereby.

The Debtors in the instant case assert that while a debtor in bankruptcy has a clear duty to file a statement of intention with respect to secured consumer claims, and to indicate on that statement whether he intends to retain or surrender the collateral securing such claims, a creditor cannot force a debtor to redeem collateral or reaffirm the underlying indebtedness.

Section 521(2)(A) of the Bankruptcy Code provides:

[The debtor shall—]

(2) if an individual debtor's schedule of of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the first meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, *if applicable*, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; (emphasis added).

The above-quoted subsection requires that a debtor specify whether property is claimed as exempt, the property will be redeemed, or the debtor will reaffirm the debt *only if applicable*. The Debtors in the case at bar correctly note that situations may occur where a debtor need not specify any of those three options. For example, the Debtors herein state that they did not claim the automobile securing their loan from Colgasco as exempt on their statement of intention, because they doubt

that the vehicle has any value in excess of the loan that it secures. They do not intend to redeem the automobile, because they are financially unable to do so. They do not wish to reaffirm the debt secured by the property, because they are not in default on the loan agreement with Colgasco. If the intent of 11 U.S.C. § 521(2)(A) were to make reaffirmation or redemption mandatory, the language of that subsection would require a debtor to choose one of the three options, *whichever is applicable,* rather than to indicate that one of the options must be selected *if applicable.* This Court agrees with the United States Bankruptcy Court for the District of Oregon, which held in *In re Winters,* 69 B.R. 145 (Bankr.D.Or.1986), that the "if applicable" language in this subsection "destroys the argument that Congress forfeited a non-defaulting debtor's rights under a security agreement by restricting his options or, more narrowly, validated bankruptcy default clauses or other forms of creditor controlled forfeiture." 69 B.R. at 147.

The Fourth Circuit Court of Appeals has rejected the argument that a debtor is required to reaffirm a loan agreement or redeem the collateral as a condition to maintaining possession of the collateral before a discharge in bankruptcy is either granted or denied. *Riggs Nat'l Bank of Washington, D.C. v. Perry (In re Perry),* 729 F.2d 982 (4th Cir.1984). In *Perry,* the debtor was in default on a loan prior to the Chapter 7 filing, but became current on payments by the time a hearing was held on Riggs National Bank's motion for relief from the automatic stay. In support of its stay relief motion, the bank argued that a debtor must either reaffirm the loan agreement in accordance with 11 U.S.C. § 524(c) or redeem the collateral pursuant to 11 U.S.C. § 722. The Fourth Circuit Court of Appeals noted that another federal circuit court had concluded that a Chapter 7 petitioner may not retain possession of collateral without reaffirming the related debt or redeeming the collateral by a lump-sum payment. *See General Motors Acceptance Corp. v. Bell (In re Bell),* 700 F.2d 1053 (6th Cir.1983). However, the Fourth Circuit Court in *Perry* pointed out that the automatic stay afforded a debtor by 11 U.S.C. § 362 continues to run until a bankruptcy discharge is either denied or granted in a case under Chapter 7 concerning an individual. 11 U.S.C. § 362(c)(2)(C). Therefore, a debtor has the option of exercising the right to redeem collateral or reaffirm a debt until the expiration of the automatic stay. *Perry,* 729 F.2d at 986. The Court refused to force the debtor to either redeem or reaffirm in order to retain possession of the collateral.

Congress amended 11 U.S.C. § 521 in 1984 to alter a debtor's duties with regard to the statement of intention concerning consumer debts. Section 521 was amended to insert a new subsection requiring a consumer debtor to file a statement of intention regarding secured property within 30 days of filing the bankruptcy petition, and to perform this intention with respect to such property within 45 days after filing the notice of intent. This amended language in § 521(2) means that if a debtor intends to surrender or redeem property or reaffirm a secured debt, he must do so within the 45–day statutory period. If the debtor has recourse to other legal remedies, as in the case at bar, he may rely instead on the right to pursue those remedies in order to retain his collateral.

In the present case, Colgasco has not claimed that its security interest is inadequately protected or that other cause exists to require stay relief. The credit union has not alleged that the Debtors are in default under the terms of their installment loan. Colgasco does not dispute that the Debtors were current in payments on their automobile loan at the time they filed bankruptcy, and that they have remained current on those payments. Once a discharge has been entered and the case closed, the Debtors have the right to continue to make monthly payments under the terms of their contract with Colgasco. They will be entitled to their 1987 Volkswagen Golf automobile free and clear of any lien held by Colgasco, if they make all required payments over the life of their loan.

A secured creditor's lien against collateral will survive the bankruptcy discharge,

pursuant to 11 U.S.C. § 506(d). Therefore, the creditor would still have the right to repossess the collateral after discharge and resell it, should the debtor default in timely payments on the underlying loan. If the debtor does not default on the loan at any time prior to making the final payment due under the loan agreement, the secured creditor will have received the full benefit of its bargain with the debtor as if no Chapter 7 petition had ever been filed. As the Court in *Perry* stated regarding the appellant-bank that had financed the debtor's automobile loan:

> The bank's sole legitimate concern, therefore, is that its lien exceeds the present value of the collateral. Allegedly, it is placed at even greater risk because of the highly depreciable character of its security. Nevertheless, appellant's position is no more fragile, due to the Chapter 7 filing alone, than that of any lender under an installment sales contract. We can muster even less sympathy for institutional lenders; they are fully cognizant of the risks inherent in making loans, default among them, and receive substantial interest payments to help offset those risks. This Court declines to exact additional obligations from debtors who merely file under Chapter 7 while they maintain their fiscal responsibilities. 729 F.2d at 985.

The Ninth Circuit Bankruptcy Appellate Panel has cited the *Perry* case for the proposition that a Chapter 7 debtor may retain possession of collateral pending discharge by keeping current on monthly payments pursuant to a security agreement. *Valley Nat'l Bank of Arizona v. Avila (In re Avila)*, 83 B.R. 6 (Bankr. 9th Cir.1987) (per curiam). The *Avila* case was decided subsequent to the 1984 amendments to 11 U.S.C. § 521(2) that are at issue in the instant case.

This Court disagrees with Colgasco's contention that the Debtors herein are attempting to circumvent the requirements of 11 U.S.C. § 521(2)(A) by "creating their own option" for retaining their collateral. Under the Bankruptcy Code, a debtor has the right to a fresh start regarding his financial affairs. Secured claims are paid first in a Chapter 7 case when collateral securing such claims is sold. 11 U.S.C. § 724. If an asset securing a claim is sold for a sum in excess of the secured claim or if other funds are available in the estate to pay unsecured claims, the trustee distributes the funds to such claims on a *pro rata* basis after priority claims have been paid. 11 U.S.C. § 507. The debtor is then entitled to a discharge of his debts that are not otherwise non-dischargeable pursuant to 11 U.S.C. § 523. No provision exists in § 523 of the Bankruptcy Code which exempts from discharge in the instant Chapter 7 case the personal obligation owed by the Debtors to Colgasco on their secured automobile loan. The result is the same no matter if Colgasco is fully or partially secured.

This Court further notes that there is no cause to grant stay relief to Colgasco in the case *sub judice*. The Debtors have consistently made payments on their loan with Colgasco by way of a deduction from wages earned by the Debtor, Robert Crouch. Therefore, stay relief to permit the credit union to recover its collateral is inappropriate here. The lack of any provision in 11 U.S.C. § 523 or elsewhere in the Bankruptcy Code to prevent discharge of a personal debt owed to a secured creditor does not constitute grounds for the relief requested by Colgasco. To hold otherwise would have the effect of writing into 11 U.S.C. § 523 new provisions rendering certain claims held by undersecured or fully secured creditors nondischargeable in Chapter 7 proceedings. Such a result could easily occur if a debtor were required to reaffirm a debt, as Colgasco urges in this case.

Permitting a secured creditor who may have only a partially secured claim to have the full claim survive discharge by way of a forced reaffirmation agreement, when other unsecured claims are not preserved post-discharge, results in unfair treatment of other unsecured creditors. Requiring a Chapter 7 debtor to reaffirm secured debts when no default has occurred would also abrogate long-standing principles encouraging a fresh start in bankruptcy. More-

over, as the Debtors observe in their memorandum of law filed in the case at bar, Congress intended that a reaffirmation agreement pursuant to 11 U.S.C. § 524(c) be a voluntary, consensual action. *In re Whatley*, 16 B.R. 394 (Bankr.N.D.Ohio 1982).

For the foregoing reasons, this Court will set aside its September 13, 1988 Order requiring the Debtors to amend their statement of intention regarding secured consumer debts and will deny the relief requested by Colgasco.

IT IS SO ORDERED.