**In re HOME OWNERS FUNDING CORPORATION OF AMERICA, Appellant,**

**v.**

**Budd George BELANGER and Janice Leigh Belanger, Appellees.**

**No. 90–561–CIV–5–D.**

United States District Court, E.D. North Carolina, Raleigh Division.

Nov. 27, 1990.

Theodore A. Nodell, Jr., Raleigh, N.C., for Home Owners Funding Corp.

John T. Orcutt, Raleigh, N.C., for debtor.

Holmes P. Harden, Raleigh, N.C., for trustee.

## ORDER

DUPREE, District Judge.

Plaintiff-creditor filed a motion with the United States Bankruptcy Court for the Eastern District of North Carolina requesting an order to compel defendant-Chapter 7 debtors to reaffirm, redeem or surrender collateral pursuant to 11 U.S.C. § 521(2)(A). The court denied the motion and entered defendants' discharge in bankruptcy, holding that debtors had fulfilled their obligation under Section 521 by giving plaintiff notice of their intent to retain the collateral and keep payments current. Plaintiff has now appealed and argues that the bankruptcy court erroneously interpreted the statute. Plaintiff instead contends that under Section 521, the debtors must elect to either reaffirm the debt or redeem the collateral if they wish to retain possession.

## I. FACTS

Defendants, Budd and Janice Belanger, purchased a 1983 Fairmont Stratford mobile home to use as their residence. Plaintiff, Home Owners Funding Corporation, financed the transaction and retained a se-curity interest in the mobile home as collateral.

On March 14, 1990, defendants filed for relief under Chapter 7 of the Bankruptcy Code. Thereafter, defendants also filed a "statement of intention" with plaintiff stating that they planned to retain the mobile home and continue making payments under the original contract. This statement, however, did not express an indication as to whether defendants intended to reaffirm the debt or redeem the collateral. Defendants have not defaulted on their mobile home loan and their payments are current to date. In lieu of reaffirming or redeeming, defendants wish to keep the collateral and continue making monthly payments in compliance with the original agreement.

## II. ISSUE

The issue before the court is whether defendant-debtors, after filing bankruptcy under Chapter 7, have fulfilled their obligation under 11 U.S.C. § 521(2)(A) by giving plaintiff-creditor notice of their intention to retain the collateral securing a loan, but without specifying that they will redeem the collateral or reaffirm the debt.

In reviewing a decision of the bankruptcy court, the district court may "affirm, modify ... or decree or remand with instructions for further proceeding." Bankruptcy Rule 8013. Findings of fact are not to be set aside unless clearly erroneous. *Id.* The facts of this case are not in dispute. The bankruptcy court found that defendants complied with the requirements of Section 521 and allowed entry of their discharge in bankruptcy. This court affirms that decision.

## III. ANALYSIS

11 U.S.C. § 521(2)(A) states that:
if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the

court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property....

The courts are divided as to precisely what action a debtor must take in order to comply with the requirements of this provision.

One approach holds that there are three, and only three options under Section 521(2)(A). *Matter of Edwards,* 901 F.2d 1383 (7th Cir.1990). The debtor is not entitled to keep the collateral, even if he continues to meet his obligations, unless he files a statement electing to reaffirm or redeem. *Id. Accord, In re Chavarria,* 117 B.R. 582 (Bankr.D.Idaho 1990) (debtor must elect to reaffirm the debt, redeem the collateral, or surrender the collateral to the secured party; keeping the collateral and making timely payments is not an option).

■ The other approach interprets Section 521 in a much broader fashion. It only requires that the debtor elect between reaffirmation and redemption if he chooses to proceed under one of these two options. Initially, the debtor must make a determination as to whether he will retain or surrender the collateral, and communicate this choice to the creditor. If retention is elected, the debtor may then choose to reaffirm or redeem. Neither is, however, required. Other alternatives remain available, for example as here; the debtor may continue performance under the original agreement and keep payments current.

This court believes the latter to be the better view and adopts that interpretation. The analysis of the bankruptcy court is very thorough and need not be repeated; however, the following points are worthy of discussion.

Section 521(2)(A) plainly states that "the debtor shall file ... a statement of his intention with respect to the retention or surrender of such property...." It then continues to explain that "if applicable," the debtor should also specify that the

property is exempt, or that he plans to redeem or reaffirm. In construing this provision, the bankruptcy court in the case at bar held that the debtors did not need to "specify whether they would redeem, reaffirm or surrender because those options were not 'applicable.'" *In re Belanger,* 118 B.R. 368, 369 (Bankr.E.D.N.C.1990).

This interpretation was also adopted by the court in *In re Crouch,* 104 B.R. 770 (Bankr.S.D.W.Va.1989). Upon facts similar to those now before this court, *Crouch* held that Section 521 "requires that a debtor specify [that the] property is claimed as exempt ... will be redeemed, or [that] the debtor will reaffirm the debt only if applicable." *Id.* at 771. This does not include a situation where the Chapter 7 debtor chooses to retain possession of the collateral and keep payments current. Under those circumstances, an expression of intent to retain fulfills the debtor's statutory requirements.

Other cases have reached the same conclusion as well. For example, in *Lowry Federal Credit Union v. West,* 882 F.2d 1543 (10th Cir.1989), the Tenth Circuit held that it was within the bankruptcy judge's discretion to allow debtors to retain the collateral without redeeming or reaffirming. It explained that although the provisions of Section 521(2)(A) are mandatory, they do not

> make redemption or reaffirmation the exclusive means by which a bankruptcy court can allow a debtor to retain secured property. When the state of the evidence indicates neither the debtor nor the creditor would be prejudiced, a bankruptcy court may allow retention conditioned upon performance of the duties of the security agreement....

*Id.* at 1547. *See also In re Peacock,* 87 B.R. 657 (Bankr.D.Colo.1988) (creditor cannot force a Chapter 7 debtor to choose solely between redemption and reaffirmance in the absence of default); *In re Berenguer,* 77 B.R. 959 (Bankr.S.D.Fla. 1987) (creditor was not entitled to replevy collateral just because debtor filed bankruptcy, so long as payments remained current).

Creditors are not unduly prejudiced by a debtor's election to retain the collateral and keep payments current. First of all, so long as payments are made, they are receiving performance in accordance with the original agreement, for which they have no right to complain. Secondly, if there is a default, the secured creditor is still entitled to repossess the collateral in satisfaction of the debt. Chapter 7 bankruptcy merely relieves the debtor's personal liability on the note in the event of a deficiency. A secured creditor is still, therefore, in a much better position than other creditors following a bankruptcy petition. *See generally, Peacock, supra.*

As stated by the court below, "[o]ne of the primary purposes of the modern American bankruptcy law is to give honest debtors a fresh start." *In re Belanger, supra,* at 370, *citing Local Loan Company v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Forcing a debtor who retains collateral to redeem or reaffirm the obligation is inconsistent with this goal.

As a practical matter, a person who has filed bankruptcy is generally in no position to redeem the collateral by paying the debt in its entirety. If he does not, the only alternative under plaintiff's proposed interpretation, is to reaffirm the debt. The creditor, however, must consent to the terms of the new agreement. This would enable the creditor to impose any terms it chose upon a debtor who is financially unable to redeem, but does not wish to surrender the property. *See generally In re Crouch, supra.* This would be an especially onerous position where as here, the collateral in question is the debtor's home. This would require the debtors to choose between giving up their home or agreeing to the creditor's terms.

The legislative history for Section 521 has been described as "woefully inadequate." *In re Eagle,* 51 B.R. 959, 961 (Bankr.N.D.Ohio 1985). However, the available interpretations have described the section as a notice provision, which provides creditors with a method of discovering the status of collateral at an early stage of the bankruptcy proceedings, thus enabling them to determine how best to proceed. For a full discussion, *see In re Belanger, supra,* at 370–72. The debtor and creditor can then attempt to reach some type of compromise, and thereby avoid at least some of the lengthy and expensive legal proceedings that accompany a bankruptcy filing. *Id.* The idea behind the section was not to limit the debtor to the options mentioned in Section 521(2)(A), nor to alter his substantive rights with regard to the property.

## IV. CONCLUSION

In conclusion, 11 U.S.C. § 521(2)(A) requires Chapter 7 debtors to inform secured creditors as to whether they will retain or surrender encumbered collateral. If the debtors elect to retain the property, they must further specify that they will redeem the collateral or reaffirm the debt if this in fact applies. The debtor, however, may also choose to retain the collateral and continue to make payments in accordance with the original contract. In this situation, debtors cannot be forced to choose between redemption or reaffirmation. By informing plaintiff of their intention to retain, defendants here have fulfilled their statutory duty under 11 U.S.C. § 521(2)(A). Accordingly, the decision of the bankruptcy court is affirmed in all respects.

SO ORDERED.