**In re Michael J. STEFANO and Jacque A. Stefano, Debtors.**

**GNC COMMUNITY FEDERAL CREDIT UNION, Movant,**

**v.**

**Michael J. STEFANO and Jacque A. Stefano, Respondents.**

**Bankruptcy No. 90–3600PGH.
Motion No. 91–1805.**

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 20, 1991.

James C. Warmbrodt, Pittsburgh, Pa., for debtors.

Robert J. Colaizzi, Pittsburgh, Pa., for GNC Community Federal Credit Union.

## OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

### Background

This matter is before the Court on GNC Community Federal Credit Union's ("GNC") Motion for Relief from the Automatic Stay ("Motion").

GNC asserts that 1) Michael J. Stefano and Jacque A. Stefano (the "Debtors") have no equity in their residence, the property which secures GNC's debt; 2) the Debtors have failed to remit regular monthly payments; 3) the Debtors have failed to adequately protect GNC's interest by either reaffirming the debt, surrendering the collateral or redeeming the collateral; and 4) the filing of a petition in bank-

1. This Opinion constitutes this Court's findings of fact and conclusions of law.

ruptcy constitutes a default under the terms of the mortgage.

The Debtors respond that 1) language in the mortgage providing for default purely for the reason of a bankruptcy filing is not enforceable; 2) the value of the collateral is $25,000 and the balance due to GNC is $24,000, thus there is equity in the property; 3) the Debtors have tendered monthly payments which GNC refuses to accept; 4) there is no requirement that the Debtors reaffirm the debt, or surrender or redeem the collateral; and 5) so long as the regular payments under the mortgage are current, the Debtors may retain the property and continue making the installment payments.

After a hearing on May 2, 1991, we afforded the parties an opportunity to file briefs. Upon review of the record of this case, the applicable law, and the briefs of the parties, we will deny GNC's motion.

### Facts

The Debtors filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on November 14, 1990. The Debtors are owners as tenants by the entireties of a parcel of real estate located at 829 Vogan Street, New Castle, Pennsylvania (the "Property") which serves as their personal residence.

The Debtors list the fair market value of the Property as $25,000 and also list a first mortgage (the "Mortgage") debt on the Property to GNC in the amount of $24,000. GNC fails to allege a value for the Property or even state the balance which they believe is due on the Mortgage. Rather, they vaguely assert that the Mortgage balance is in excess of $24,000 and that the Debtors have no equity in the Property. The Debtors claim an exemption in the equity in the Property.

On the Statement of Intention attached to their Bankruptcy Petition, the Debtors indicate that they will reaffirm the Mortgage debt. The Debtors have subsequently refused to execute a Reaffirmation Agreement and have refused to abandon or surrender the Property.

Instead, the Debtors have tendered checks to GNC in an amount sufficient to bring the obligation current and to maintain the regularly scheduled monthly payments. GNC refuses to accept payments from the Debtors without the execution of a Reaffirmation Agreement.

While GNC's Motion was pending, the Court entered a Discharge Order on March 26, 1991. Thus, the Debtors have been relieved of their personal liability on the obligation to GNC.

### Issues

1. Whether Debtors are finally and conclusively bound by their Statement of Intention filed under 11 U.S.C. § 521(2).

2. Whether a debtor who is current on his obligation to a secured creditor may retain possession of the collateral securing the debt following the entry of a discharge order in a Chapter 7 bankruptcy proceeding without reaffirmation of the debt or redemption of the collateral.

3. Whether a mortgageholder may foreclose a mortgage on a Chapter 7 Debtor's residence where the only default is that the Debtor has filed for bankruptcy.

### Discussion

I. *Whether Debtor is bound by Statement of Intention.*

11 U.S.C. § 521(2) provides:

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.

The purpose of requiring a debtor to file a Statement of Intention is to provide a secured creditor with knowledge of the debtor's intentions concerning the collateral and to facilitate speedy resolution of debt compromise and repayment without abrogating the substantive rights of the debtor. *In re Elicker,* 100 B.R. 180 (Bankr.M.D.Pa.1989); *In re Barriger,* 61 B.R. 506 (Bankr.W.D.Tenn.1986); *In re Eagle,* 51 B.R. 959 (Bankr.N.D.Ohio 1985). A Statement of Intention which indicates a debtor's desire to reaffirm is not the same thing as reaffirming the debt itself pursuant to the stringent provisions of 11 U.S.C. § 524(c). *In re Johnson,* 114 B.R. 799 (Bankr.D.Dist.Col.1990).

■ A reaffirmation agreement is a negotiated and fully voluntary agreement by both the debtor and creditor. *In re Chavarria,* 117 B.R. 582, 583 n. 2 (Bankr.D.Idaho 1990). The Court cannot compel the parties to enter into such a contract. *Id.*

■ Thus, the Debtors' Statement of Intention merely states an intent to negotiate a reaffirmation. Such a voluntarily negotiated agreement might not be reached. Therefore, the Debtors cannot be conclusively bound by their Statement of Intention and be compelled to execute a Reaffirmation Agreement.

*II. Retaining the collateral absent redemption or reaffirmation.*

■ GNC asserts that § 521(2) provides that the only options available to the Debtor are to surrender the Property; redeem the Property; or reaffirm the debt. The Debtors assert that they are not limited to the options in § 521 and may instead choose to remain current on their monthly installment payments and retain possession of the Property without reaffirmation of the debt.

The Third Circuit has not yet addressed this issue. There is a split of authority among other courts.

One line of cases refuses to allow chapter 7 debtors to continue to make installment payments; those courts require debtors who wish to remain in possession of the collateral to redeem the collateral by payment of the balance in full or by the reaffirmation of the debt. *In re Edwards,* 901 F.2d 1383 (7th Cir.1990); *In re Bell,* 700 F.2d 1053 (6th Cir.1983); *In re Horne,* 132 B.R. 661 (Bankr.N.D.Ga.1991); *In re Chavarria,* 117 B.R. 582 (Bankr.D.Idaho 1990). Other courts permit debtors to remain in possession of the collateral and continue to make payments in accordance with the original contract without reaffirmation or redemption. *Lowry Federal Credit Union v. West,* 882 F.2d 1543 (10th Cir.1989); *Home Owners Funding Corp. of America v. Belanger,* 128 B.R. 142 (E.D.N.C.1990); *In re Donley,* 131 B.R. 193 (Bankr.N.D.Fla. 1991); *In re Hunter,* 121 B.R. 609 (Bankr. N.D.Ala.1990). *See also In re McNeil,* 128 B.R. 603 (Bankr.E.D.Pa.1991).

GNC argues that it is not adequately protected because of the Debtor's lack of equity in the Property and that, absent reaffirmation, the Debtors have no incentive to maintain the Property, thus placing GNC's collateral in jeopardy.

The mere filing of the Debtor's bankruptcy petition has not put GNC in any more jeopardy than that which existed prior to the filing of the petition. As stated in *In re Belanger,* 118 B.R. 368, 372 (Bankr. E.D.N.C.1990), aff'd., *Home Owners Funding Corp. of America v. Belanger,* 128 B.R. 142 (E.D.N.C.1990):

It is doubtful that a debtor would fail to insure or maintain his residence, and his investment in it, simply because he no longer has personal liability for the underlying debt. Furthermore, the failure to insure or the failure to maintain the collateral are typically events of default

which would permit the secured creditor to accelerate the indebtedness and repossess the collateral.

GNC's argument that it is not adequately protected unless it can immediately foreclose on the Property or force the Debtors to reaffirm their personal liability is without merit.

The Debtors are willing and have attempted to bring their payments to GNC current, and nothing in the record indicates a significant difference between the value of the Property and the balance due to GNC. Allowing the Debtors to remain in possession of the Property by payment of monthly installments places the parties in the same positions that they had prior to bankruptcy. Should the Debtors fail to remit regular monthly payments in the future, GNC is free to effect foreclosure.

We find that the options of surrender, redemption or reaffirmation provided in 11 U.S.C. § 521 are not exclusive. The Debtors are permitted to remain in possession of the Property without doing more, absent default on the underlying loans.

### III. "Due on bankruptcy" clause.

■ GNC argues that upon the Debtors' discharge, the Property was removed from the Bankruptcy estate and that the mortgage is in default because of a "due on bankruptcy" clause present in the Mortgage. Thus, GNC contends it may initiate a state court action against the Property.

One of the main purposes of the Bankruptcy Code is to provide a means by which debtors may obtain a fresh start. Discharge under Chapter 7 was not designed to place greater burdens on debtors than they bore prior to bankruptcy. A "due on bankruptcy" clause, if valid and enforceable, defeats the purpose of providing a fresh start to debtors. *In re Rose*, 21 B.R. 272, 277 (Bankr.D.N.J.1982).

A "due on bankruptcy" clause is unenforceable. *Riggs National Bank of Washington, D.C. v. Perry*, 729 F.2d 982 (4th Cir.1984); *In re Hunter*, 121 B.R. 609 (Bankr.N.D.Ala.1990); and *In re Rose*, 21 B.R. 272 (Bankr.D.N.J.1982). We further find that the Bankruptcy Court may determine that a "due on bankruptcy" clause is unenforceable post-bankruptcy. *See Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989); *In re Peacock*, 87 B.R. 657 (Bankr.D.Colo.1988).

"The court may issue any order, process or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). Thus, we may condition or modify GNC's rights to foreclose on the Property beyond the date the bankruptcy case is closed and beyond the expiration of the automatic stay where such action is required to carry out the fundamental purpose of providing the Debtors a fresh start.

GNC will be prohibited from initiating a state court action against the Property solely for the reason that the Debtors filed a bankruptcy proceeding.

### Conclusion

There is no cause to grant GNC relief from stay. The Debtors are willing to provide payment to GNC in an amount sufficient to bring the obligation current and to continue regular monthly installment payments. There is no significant difference between the value of the Property and the balance due GNC. GNC is adequately protected by regular monthly payments and by maintaining the same collateral that it held prepetition. Should there be a future default in payments, GNC is free to initiate state court foreclosure proceedings.

GNC's Motion will be denied. An appropriate Order will be entered.

### ORDER

This 20th day of December, 1991, in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED as follows:

1. Michael J. Stefano and Jacque A. Stefano ("Debtors") shall promptly tender to GNC Community Federal Credit Union ("GNC") an amount sufficient to bring the payments due under their mortgage current without interest or late charges.

2. The Debtors shall not now, or in the future, be deemed in default of their mort-

gage solely for the reason that they filed a bankruptcy Petition.

3. GNC cannot compel the Debtors to redeem the collateral or reaffirm the debt, pursuant to 11 U.S.C. § 521(2) in order for the Debtors to retain the collateral, their residence located at 829 Vogan Street, New Castle, Pennsylvania.

4. GNC's Mortgage survives the bankruptcy and, should there be a future default on the Mortgage, GNC may proceed in an *in rem* action against the property with any personal liability having been discharged in the Debtors' bankruptcy.

5. GNC's Motion for Relief from the Automatic Stay is DENIED.