**CAPITAL COMMUNICATIONS FEDERAL CREDIT UNION, Plaintiff–Appellant,**

v.

**Brian K. BOODROW, Defendant–Appellee.**

No. 3:96–CV–0167.

United States District Court, N.D. New York.

June 24, 1996.

McCarthy & Evanick (William M. McCarthy, of counsel), Albany, New York, for Appellee.

Solomon & Solomon (Douglas M. Fisher, of counsel), Albany, New York, for Appellant.

## MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

### I. INTRODUCTION

This matter comes on appeal from a decision of the Bankruptcy Court of the Northern District of New York from the Hon. Robert E. Littlefield, United States Bankruptcy Judge. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

**Appellee Brian K. Boodrow** filed for relief under Chapter 7 of the Bankruptcy Code on May 3, 1995. At that time, **Appellant Capital Communications Federal Credit Union** ("Capital") held a lien of approximately $8,820 on Boodrow's 1992 Pontiac Grand Am. The market value of the vehicle was then $9,650.

Boodrow filed a Statement of Intention with his petition indicating that he wished to retain the vehicle and reaffirm the debt to Capital. Due to a change in circumstances-namely appellee became aware of the permanency of his disability-he did not reaffirm the loan from Capital. Instead, appellee has retained the vehicle, remained "current" on his monthly payments, and maintained adequate insurance.

Consequently, Capital moved for relief from the automatic stay under 11 U.S.C. § 362(d) in August, 1995. Appellant alleged that appellee's failure to reaffirm the loan represented "cause" warranting modification of the stay. In support of this claim, appellant argued that 11 U.S.C. § 521(2) allows a debtor only three options: surrender of the property, redemption of the property, or reaffirmation of the loan. Because appellee has not acted upon one of those options, there is "cause" for the termination. The bankruptcy court, however, denied the motion. In a well-reasoned and thorough discussion, Judge Littlefield determined that the options listed in Section 521 are not exclusive.

### II. STANDARD OF REVIEW

■ This Court sits as an appellate court for bankruptcy court proceedings. Accordingly, the Court must accept factual determi-

nations unless clearly erroneous. Bankruptcy Rule 8012. But because the parties agree upon the pertinent facts, the only issue before the Court is a question of law. The bankruptcy court's conclusions of law are reviewed *de novo*.

*Contemporary Mortgage Bankers, Inc., v. High Peaks Base Camp, Inc.*, 156 B.R. 890, 893 (N.D.N.Y.1993); *Langlois v. United States*, 155 B.R. 818, 819 (N.D.N.Y.1993).

## III. DISCUSSION

Capital presents three issues on appeal from the bankruptcy court's decision: 1) did the bankruptcy court err in not requiring the debtor to comply with the requirements of 11 U.S.C. § 521; 2) did the bankruptcy court err in determining that 11 U.S.C. § 521 allows, in addition to the three options listed therein, a fourth option; 3) did the bankruptcy court err in denying the Motion for Relief from Automatic Stay. Although presenting these as three separate questions, Capital bases its 11 U.S.C. § 362(d) motion for relief on the premise that Section 521(2)(A) requires the debtor to chose one of the three options listed. Therefore, in order to determine the accuracy of the bankruptcy court's decision, the Court must first examine Section 521(2)(A).

### A. OPTIONS UNDER SECTION 521(2)(A) ARE NOT EXCLUSIVE

The contested section lists the obligations of a debtor in regard to secured consumer debts. It states in relevant part: "the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." 11 U.S.C. § 521(2)(A). Although the Second Circuit Court of Appeals has not yet answered this question, other circuit courts have reached two different conclusions.

A few circuits support Capital's view that the three options listed in Section 521 for the debtor are exclusive and, therefore, a debtor must surrender the property, redeem the property, or reaffirm the debt. *See In re*

*Taylor*, 3 F.3d 1512, 1516 (11th Cir.1993); *In re Edwards*, 901 F.2d 1383, 1386–87 (7th Cir.1990); *In re Bell*, 700 F.2d 1053, 1058 (6th Cir.1983). The basis for such analysis is that Congress intended debtors to attain a "fresh start" from a Chapter 7 filing, not a "head start." *Taylor*, 3 F.3d at 1516. Allowing a debtor to retain the property without either redeeming or reaffirming the loan would place him in a better position since he would be relieved of personal liability, but still able to retain the property. *Edwards*, 901 F.2d at 1386. Then "the debtor [would have] little or no incentive to insure or maintain" the collateral. *Id.* Additionally, if a debtor was allowed to retain property without choosing either to redeem or reaffirm, those two options would never be chosen. *Taylor*, 3 F.3d at 1514.

Other circuits have found that the options listed in Section 521 are not exclusive, through reasoning similar to Boodrow's arguments. *See In re Belanger*, 962 F.2d 345, 348–49 (4th Cir.1992); *Lowry Fed. Credit Union v. West*, 882 F.2d 1543, 1546 (10th Cir.1989). These courts have allowed a debtor to retain the property without either redeeming or reaffirming, provided there is no default (other than filing a bankruptcy petition) under the pre-petition loan documents. The decision to allow for this "fourth option" is one of judicial discretion when the facts point to it being the most practical. *See Lowry*, 882 F.2d at 1547 ("When the state of the evidence indicates neither the debtor nor the creditor would be prejudiced, a bankruptcy court may allow retention conditioned upon performance of the duties of the security agreement as a condition of retention.") This option does not contradict the language of Section 521, because the intent of Congress was to create a notice statute that does not affect the substantive rights of debtors. *Id.* at 1546. Moreover, this interpretation lends itself to the general goal of the Code to balance the rights of secured creditors while allowing the debtor a fresh start. *Belanger*, 962 F.2d at 348–49.

The Court finds the plain language of the statute supports this latter view. In performing statutory interpretation, the Court must endeavor to "give effect, if possi-

ble, to every word" in the disputed section. *Belanger,* 962 F.2d at 348 (quoting *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979)). Analysis of this section revolves around the significance of the phrase "if applicable." Courts limiting the options to the three listed have held that "if applicable" refers to the surrender or retention of the property. *Taylor,* 3 F.3d at 1516. However, under such an interpretation the phrase becomes superfluous. *Belanger,* 962 F.2d at 348. In order to give full effect to the words, the Court recognizes that the statutory options are stated in the disjunctive, thereby making "if applicable" apply to redemption or reaffirmation. *Id.* Therefore, a debtor need only state an intention to redeem or reaffirm if applicable to his situation. *In re Crouch,* 104 B.R. 770, 772 (Bankr.S.D.W.Va.1989).

■ This interpretation is more consistent with the remainder of Section 521 than is appellant's interpretation. Section 521(2)(C) explicitly states that the subsections (A) and (B) are not meant to alter the rights of debtors in regard to the property. *Belanger,* 962 F.2d at 347. Subsection (B) sets a time frame for the debtor's actions in regard to the statement of intention, but that does not contradict the Court's interpretation of subsection (A). The limited legislative history points to the general conclusion that Section 521(2) is meant to be a notice provision. *In re Home Owners Funding Corp. of America v. Belanger,* 128 B.R. 142, 145 (W.D.N.C. 1990) (citing *In re Belanger,* 118 B.R. 368, 370–372 (Bankr.E.D.N.C.1990)).[1] Therefore, the purpose of Section 521 is to indicate to secured creditors what the debtor intends to do. Obviously, under such a scheme it is appropriate to set a time limit for action upon such statement, but that limit does not necessarily change the nature of the section.

Additionally, this interpretation follows the general intent of the Code in balancing the rights of secured creditors vis-a-vis debtors. By allowing this "fourth option" the Court is not giving a "head start" as argued in *Taylor,* 3 F.3d at 1516. The debtor's lack of personal liability will not necessarily cause him to fail to maintain the property. Rather, because of the practical impediments to the debtor in obtaining a vehicle after filing a bankruptcy petition, the debtor will have more incentives than a non-debtor. For if the debtor loses the vehicle, most likely, he will not have the cash or the ability to obtain a loan to purchase another. *See* Henderson, J., *The Gaglia–Lowry Brief: A Quantum Leap From Strip Down to Chapter 7 Cram Down,* 8 Bankr.Dev.J. 131, 167 (1991).

■ The Court, likewise, disagrees that by allowing this "fourth option" the other options will be, in effect, negated. As previously stated, this option is one of judicial discretion in specific relation to the facts at hand. The allowance of such an option should be determined based on the previous payment record, a comparison of the value of the collateral and the amount of debt, and other relevant facts. *See Lowry,* 882 F.2d at 1547. Therefore, for some debtors this option simply will not exist. Debtors also will not choose this option if, based on their financial situation, payment of the loan as prescribed in pre-petition arrangements is impossible. For appellee here, whose payment is being made by disability insurance, payment based on the original loan is the most practical solution.

## B. APPELLANT FAILS TO SHOW SUFFICIENT CAUSE UNDER SECTION 362

■ Appellant has argued that relief from the automatic stay should be granted since appellee did not surrender the property, redeem the property, or reaffirm the loan. It is true that a creditor can obtain relief under Section 362(d) for "cause."[2] Since

---

1. "The idea for § 521(2)(A) came from a proposal submitted by a coalition ... The complaint was that the secured creditor would often incur the expense of filing an adversary proceeding to lift the stay only to learn that the debtor *all* along intended to surrender the property without a contest." *Belanger,* 118 B.R. at 370–71. The *Belanger* Court goes on to list various testimony indicating this "notice" intent of the statute.

2. The section provides, in part: "the court shall grant relief from the stay ... (1) for cause ... or (2) ... if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11

cause is not defined in the Code, a court has broad discretion to lift the stay in "appropriate circumstances." *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982). Examples of sufficient cause include bad faith or a pre-existing suit by an unsecured creditor. *See, e.g., id.; In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394–95 (11th Cir.1988). In general, however, there must be a showing that continuation of the stay will cause some affirmative harm to the secured creditor.

Capital has failed to demonstrate any concrete harm resulting from the stay. While Boodrow has been relieved of personal liability, he has maintained adequate insurance at all times. In fact, allowing appellee to keep the vehicle was based partially on his need for it. Therefore, relieving him of personal liability does not automatically make him a greater risk. Additionally, given the fact that appellee's insurance is paying the monthly installments, Capital has little risk of financial loss.

Finally, Capital retains the right, if there is any default, to initiate proceedings to take back the property. There exists an equity cushion to protect Capital in this unlikely event. Since no other grounds exist to establish sufficient cause and Capital concedes this 10 percent equity cushion, the bankruptcy court's decision was valid. *See, In re Garsal Realty, Inc.*, 98 B.R. 140, 153 (Bankr. N.D.N.Y.1989).

## IV. CONCLUSION

Because appellant has not shown sufficient cause for modifying the automatic stay, the decision of the bankruptcy court is hereby AFFIRMED.

**IT IS SO ORDERED.**

U.S.C. § 362(d). Appellant's arguments fall under subsection (1).