In re Leroy COOPER and Jacqueline
L. Cooper, Debtors.

Tidewater Finance Company, Plaintiff,

v.

Leroy Cooper and Jacqueline
L. Cooper, Defendants,

Lynn L. Tavenner, Trustee.

No. 01–37486–T.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

April 16, 2002.

Yvonne Cochran, Richmond, VA, for debtors.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

Preliminary hearing was held February 27, 2002, on Tidewater Finance Company's motion to terminate automatic stay pursuant to 11 U.S.C. § 362(d)(1). At conclusion of hearing, the court took the matter under advisement requesting that counsel for both plaintiff and defendants file briefs to support their position. Both sides filed their briefs on March 15, 2002. For the reasons stated herein, plaintiff's motion to terminate automatic stay is denied.

### Procedural History.

Debtors filed this chapter 7 bankruptcy petition on December 17, 2001. On February 6, 2002, Tidewater filed a motion to terminate automatic stay of 11 U.S.C. § 362(a) requesting permission to enforce its rights under a security interest in a 1999 Chevrolet Cavalier. Tidewater seeks relief pursuant to 11 U.S.C. § 362(d)(1), arguing that debtors have failed to adequately protect Tidewater's interest in the vehicle because: 1) debtors were in payment default under the contract on the filing date, 2) debtors remain in payment default under the contract, 3) the vehicle is depreciating, and 4) debtors have neither surrendered the vehicle to Tidewater, redeemed Tidewater's interest in the vehicle, nor reaffirmed the obligations under the contract.

On February 12, 2002, debtors filed a response, asserting that they are behind in payments by one month; however, they made a payment of $408.00 and intend to become current.

### Findings of Fact.

On October 31, 1998, debtors executed a simple interest motor vehicle contract and security agreement with Patrick Chevrolet, Inc.[1] Patrick Chevrolet assigned the contract to Tidewater.

Under the terms of the contract, the installments were due on the fifteenth day of each month beginning on December 15, 1998, with a seven day grace period. On the day of debtors' filing, December 17, 2001, debtors had not yet made their December 15, 2001, payment to Tidewater.[2] As of the date of the instant preliminary hearing, debtors were current in their payments under the contract and the vehicle was covered by an insurance policy.

Debtors filed their Statement of Intention under 11 U.S.C. § 521(2) of the United States Bankruptcy Code in which they indicate that their intention is to retain their 1999 Chevrolet Cavalier without reaffirming their debt under the contract or redeeming the vehicle under 11 U.S.C. § 722.

### Conclusions of Law.

In its motion filed on February 6, 2002, Tidewater asserts that it is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(1)[3] because 1) debtors have failed to adequately protect Tidewater's interest in the vehicle, and 2) debtors did not comply with 11 U.S.C. § 521(2)[4] because they

---

1. Under the contract, debtors purchased a 1999 Chevrolet Cavalier for $15,331.00 and a service contract for $900.00. Debtors financed $15,388.21 with interest at a rate of 18.5% per annum.

2. Tidewater received its December installment on January 14, 2002, its January installment on February 12, 2002, and the February installment on February 25, 2002.

3. Section 362(d)(1) states that relief shall be granted "for cause, including lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1) (2002).

4. The pertinent portions of § 521(2) provide that:

did not surrender the vehicle, redeem the interest, or reaffirm the obligations.

There is a split among the Circuits regarding the correct interpretation of § 521(2). Some circuits have held that a debtor who desires to retain exempt or abandoned property has only two choices: redemption or reaffirmation. *See, e.g., In re Johnson*, 89 F.3d 249 (5th Cir.1996), *In re Taylor*, 3 F.3d 1512 (11th Cir.1993), *In re Edwards*, 901 F.2d 1383 (7th Cir.1990). Most courts have determined that relief from automatic stay should be denied and that creditors could not compel debtors to redeem the collateral or reaffirm the debt as long as debtors are current in their payments. *Capital Comms. Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 52–53 (2d Cir.1997); *In re Belanger*, 962 F.2d 345, 348–49 (4th Cir.1992); *Lowry Fed. Credit Union v. West*, 882 F.2d 1543, 1547 (10th Cir.1989); *Sears Roebuck & Co. v. Lamirande*, 199 B.R. 221, 224 (D.Mass.1996); *In re Crouch*, 104 B.R. 770, 772–73 (Bankr.S.D.W.Va.1989).

The Fourth Circuit, following the majority view, has decided that a debtor who is not in default can retain collateral after discharge without reaffirming, redeeming, or surrendering the collateral. *In re Belanger*, 962 F.2d at 346. The court determined that § 521(2)(A) is a procedural provision merely to inform the lien creditor of debtor's intention. *Id.* at 347. The court in *Belanger* did not specify from which date debtor's default is to be measured—filing date, date of creditor's motion, hearing date, or simply default at any time.

■■■ A creditor can obtain relief under § 362(d) for "cause."[5] Cause is not defined in the Code and a bankruptcy court has broad discretion to lift the stay in "appropriate circumstances." *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982). Usually, there must be a showing that continuation of the stay will cause some affirmative harm to the secured creditor. This burden is on the creditor, and the court "should deny relief from stay if the movant 'fails to make an initial showing of cause.'" *In re Boodrow*, 126 F.3d at 48 (2d Cir.1997) (*quoting In re Sonnax Indus. Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990)).

■■■ The court must exercise its discretion in determining whether to allow a debtor to retain collateral and keep making payments "by considering the debtor's 'previous payment record, a comparison of the value of the collateral and the amount of debt, and other relevant facts.'" *Id.* at 52 (*quoting Capital Communications Federal Credit Union v. Boodrow*, 197 B.R. 409, 412 (N.D.N.Y.1996)).

---

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate-
   (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property.
   (B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; ...
11 U.S.C. §§ 521(2)(A), (B) (2002).

**5.** The section provides, in part: "the court shall grant relief from the stay ... (1) for cause." 11 U.S.C. § 362(d)(1) (2002).

The United States District Court for the Western District of Virginia has determined that a defaulted debtor should be treated differently and that a debtor who defaults after filing does not have the option to retain the collateral, and must choose among the § 521(2)(A) options of surrender, redeem, or reaffirm. *Am. Nat'l. Bank & Trust Co. v. DeJournette (In re DeJournette)*, 222 B.R. 86, 95 (W.D.Va.1998).[6] The court found that "where a debtor defaults after filing for bankruptcy the creditor's right to step in and repossess the collateral trumps any right of the debtor to retain the property under the terms of the original contract." *Id.* Similarly in *Boodrow*, the United States Court of Appeals for the Second Circuit determined that only non-defaulting debtors qualify for reinstatement. *See In re Boodrow*, 126 F.3d at 49 n. 6.

■ The situation in *DeJournette* can be distinguished from the case at hand. In *DeJournette*, debtors were delinquent at the date of filing their bankruptcy petition. As of the date of the hearing, the *DeJournette* debtors had paid payments to bring them current on their loan; however, debtors did not pay the late charges or legal fees and costs associated with their prior arrearage.

In this case, debtors were not in default when they filed their chapter 7 petition because they were within the contractual grace period, nor were they in default on February 27, the date of the preliminary hearing on relief from stay. While there was a time in between debtors' bankruptcy filing and the date of the hearing where debtors fell behind in their payments, they were current as of the hearing date.

Tidewater has failed to demonstrate any real harm or risk of financial loss resulting from continuation of the stay. Debtors are current in their monthly payments and have adequate insurance on the vehicle. Thus, allowing debtors to remain in possession of the vehicle in exchange for payment of the monthly installments places the parties in the same positions as they were in prior to debtors' filing.

Further, if debtors fail to remit their monthly payments, Tidewater can elect to repossess the vehicle. Because debtors were not in default at the time they filed their petition or at the date of relief from stay hearing, debtors are entitled to retain the collateral and continue to make payments pursuant to their contract. Tidewater's argument that it is not adequately protected is without merit.

A separate order consistent with this memorandum opinion will be entered.

---

**6.** The court in *DeJournette* expressly disagreed with the Bankruptcy Court for the Western District of Virginia which held in *First N. Am. Nat'l. Bank v. Doss* that a debtor in default at the time of filing his or her petition could choose under § 521(2)(A) to retain the collateral, without redeeming or reaffirming. *First N. Am. Nat'l. Bank v. Doss (In re Doss)*, 203 B.R. 57, 59 (Bankr.W.D.Va.1996). "The *De-Journette* court found this ruling too harsh for the creditor as the creditor would stand to lose the arrearages as the collateral depreciates, unless the debtor surrenders the property, reaffirms the obligation, or redeems the debt, and that the most appropriate remedy would be to permit modification of automatic stay..." *Am. Nat'l. Bank & Trust Co. v. De-Journette (In re DeJournette)*, 222 B.R. at 97.