In re Budd George **BELANGER**, Janice Leigh Belanger, Debtors.

**HOME OWNERS FUNDING CORPORATION OF AMERICA,**
**Plaintiff–Appellant,**

v.

Budd George **BELANGER**; Janice Leigh Belanger, Defendants–Appellees.

No. 91–1004.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1991.

Decided April 27, 1992.

---

Theodore A. Nodell, Jr., Raleigh, N.C., argued, for plaintiff-appellant.

John Tyrrell Orcutt, Raleigh, N.C., argued, for defendants-appellees.

Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

## OPINION

BUTZNER, Senior Circuit Judge:

The issue in this appeal is whether the district court correctly construed 11 U.S.C. § 521(2)(A) in a Chapter 7 proceeding by holding that debtors, who were current in their secured consumer loan installment payments, could retain the collateral after discharge without either redeeming the collateral or reaffirming the debt.

Budd George Belanger and Janice Leigh Belanger purchased a mobile home financed by Home Owners Financing Corporation (Home). The Belangers filed for relief under Chapter 7 of the Bankruptcy Code. They subsequently filed a statement of intention pursuant to § 521(2)(A) indicating that they would retain the mobile home. The Belangers have remained current on their payments. Home moved the bankruptcy court to compel the Belangers to reaffirm the debt, redeem the collateral, or surrender it, arguing that § 521(2)(A) re-

stricts debtors to these options. The court denied the motion and discharged the Belangers, holding that they had complied with § 521(2)(A) by giving notice of their intent to retain the property while continuing to make payments in accordance with their contract with Home. *In re Belanger*, 118 B.R. 368 (Bankr.E.D.N.C.1990). On appeal, the district court affirmed the bankruptcy court's decision in a carefully reasoned opinion that fully dealt with the arguments of the parties. 128 B.R. 142. We affirm the district court's judgment.

## I

Congress added § 521(2) to the Bankruptcy Code when it passed the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984). Section 521(2) provides:

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights

with regard to such property under this title.

Courts do not agree about the meaning of § 521(2). In this case the bankruptcy court and the district court construed this subsection to mean that the debtor must give notice stating an intention either to retain or to surrender the property. If applicable, the notice must specify whether the debtor intends to exempt the property, redeem it, or reaffirm the debt. But if these options are not applicable, the notice need not specify one of them. The options stated in the statute are not exclusive. A debtor who is not in default may elect to retain the property and make the payments specified in the contract with the creditor. The district court held that by giving notice of retention and intent to continue paying the loan according to the contract, the debtor complied with § 521(2). In short, the bankruptcy court and the district court concluded that § 521(2) was a procedural provision requiring notice in order to inform the lien creditor promptly of the debtor's intention. This conclusion is consistent with § 521(2)(C), which provides that the subsection does not alter the debtor's rights with regard to the collateral. Before Congress enacted § 521(2), *In re Ballance*, 33 B.R. 89 (Bankr.E.D.Va.1983), held that a debtor who was not in default need not reaffirm the debt or redeem the collateral. Instead the debtor could retain the property securing the debt while making payments required by the loan papers.

The district court's interpretation of § 521(2)(A) is supported by *Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989), which held that a bankruptcy court has discretion to permit debtors to retain collateral without either redeeming it or reaffirming the underlying debt. The court stated that "[w]hile a debtor may redeem property, subject to 11 U.S.C. § 722, or reaffirm a debt, subject to 11 U.S.C. § 524(c)(4), nothing within the Code makes either course exclusive." 882 F.2d at 1546. *Accord In re Berenguer*, 77 B.R. 959 (Bankr.S.D.Fla.1987); *In re Peacock*, 87 B.R. 657 (Bankr.D.Colo.1988); *In re Crouch*, 104 B.R. 770 (Bankr.S.D.W.Va. 1989); *In re Hunter*, 121 B.R. 609 (Bankr.

N.D.Ala.1990); *In re Manring*, 129 B.R. 198 (Bankr.W.D.Mo.1991); *In re Donley*, 131 B.R. 193 (Bankr.N.D.Fla.1991).

*Matter of Edwards*, 901 F.2d 1383 (7th Cir.1990), reached a contrary conclusion. *Accord In re Stevens*, 85 B.R. 854 (Bankr.D.Idaho 1988); *In re Chavarria*, 117 B.R. 582 (Bankr.D.Idaho 1990). *Edwards* construed § 521(2)(A) to limit the debtor's options to surrendering the collateral to the creditor, reaffirming the debt, or redeeming the collateral. The court held the debtor could not retain the collateral while making the regularly scheduled installment payments stipulated in the loan agreement unless the debtor either reaffirmed or redeemed, even though the debtor was not in default.

*Edwards* relies on *In re Bell*, 700 F.2d 1053 (6th Cir.1983). *Bell* holds that a debtor cannot redeem by installments under 11 U.S.C. § 722. To defeat the possessory interest in collateral of a debtor who is not in default, *Bell* holds that a clause in the loan papers making a debtor in default upon filing for bankruptcy becomes effective when the trustee abandons the collateral. The creditor then is allowed to repossess the collateral unless the debtor pays the entire indebtedness or reaffirms. 700 F.2d at 1058. Reaffirmation must be with the consent of the creditor. 700 F.2d at 1056.

One treatise, 3 *Collier on Bankruptcy* § 521.09A, at 521–49 (Lawrence P. King ed., 15th ed. 1991), criticizes *Edwards* for failing to give effect to § 521(2)(C) and legislative history that disclosed Congress rejected a proposal to lift the automatic stay if the debtor did not timely redeem or reaffirm. *See* H.R. 4786, 97 Cong., 1st Sess. § 7 (1981) (misprinted in *Collier* as H.R. 4876, § 521.09A at 521–49, nn. 5, 6). The treatise, in agreement with the views of the bankruptcy court and the district court in the case now before use, construes § 521(2) to "affect only procedure, and not substantive rights of the debtor." § 521.-09A at 521–48. The treatise states:

Nothing in section 521(2) requires the debtor to choose redemption, reaffirma-

tion or surrender of the property to the exclusion of all other alternatives although no other alternatives are provided for in the Code. That section merely requires a statement of whether the debtor intends to choose any of those options, *if applicable.*

§ 521.09A at 521–46 (emphasis in original) (footnote omitted).

*Collier's* interpretation of § 521(2)(A) complies with the canon that courts should give effect, if possible, to every word in a statute. *See Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). The phrase "if applicable" is redundant if, contrary to *Collier* and the district court, the options given to the debtor are considered to be exclusive. If this were so, § 521(2)(A) would have simply provided: "and specifying that such property is claimed as exempt, that the debtor intends to redeem such, or that the debtor intends to reaffirm debts secured by such property." The fact that the statutory options are stated in the disjunctive shows that the words "if applicable" are unnecessary under a construction of the statute that makes the options exclusive. But if the phrase "if applicable" is given effect, it plays an important role. As *Collier* points out, the debtor must specify a choice of the options if applicable. But if these options are not applicable, the debtor need not specify them. *See also Crouch,* 104 B.R. at 772.

*Edwards* and *Bell* conflict with precedent in this circuit. In *Riggs Nat'l Bank v. Perry,* 729 F.2d 982 (4th Cir.1984), we held that a default-on-filing clause in an installment loan contract was unenforceable as a matter of law. 729 F.2d at 984–85. In this respect our precedent conflicts with *Bell,* 700 F.2d at 1058. In *Riggs,* the lien creditor sought a modification of the automatic stay to compel the debtor to surrender collateral, contending that it would depreciate. This court, affirming the district court, denied the creditor's complaint and permitted the debtor, during the bankruptcy proceedings, to retain the collateral by making the installment payments if he otherwise avoided default. *Riggs,* 729 F.2d at

985. In this respect our precedent conflicts with *Edwards.*

The issue of the effect that a discharge would have on the respective rights of the creditor and debtor was not raised in *Riggs.* However, in response to the creditor's argument that the court should modify the stay because the debtor might be discharged from personal liability, the court said:

> If Perry's obligation is discharged, however, the bank retains a lien against the automobile to the extent of its value. The bank's sole legitimate concern, therefore, is that its lien exceeds the present value of the collateral. Allegedly, it is placed at even greater risk because of the highly depreciable character of its security. Nevertheless, appellant's position is no more fragile, due to the Chapter 7 filing alone, than that of any lender under an installment sales contract.

*Riggs,* 729 F.2d at 985 (citations omitted).

In the case under review, the district court considered the practicalities of the options mentioned in § 521(2)(A). It pointed out that a person who has filed bankruptcy is unlikely to be able to redeem the collateral in a lump sum as required by § 722. If the debtor seeks to retain the collateral, the only alternative to redemption, according to the creditor's argument, is reaffirmation. But reaffirmation requires the consent of the creditor in order to comply with § 524(C). This enables the creditor to compel the debtor either to meet the creditor's terms of reaffirmation or to surrender the property. This situation is illustrated by Home's brief, which describes reaffirmation in terms of an option "to persuade a secured creditor to renew a debt agreement." Br. at 8.

Home complains that the district court's interpretation of § 521(2) and the discharge of the Belangers permit them to retain the mobile home without exposing them to personal liability for any deficiency in event of default and sale of the mobile home for less than the balance due.

Home is no more vulnerable than any lender under a consumer installment sales contract. *See Riggs,* 729 F.2d at 985. A

purchaser who cannot satisfy a deficiency judgment can generally file a bankruptcy petition and obtain a discharge. This is a risk the creditor takes on any installment loan. Similarly, if a debtor in default surrenders the collateral during bankruptcy proceedings, the creditor must sell it, and the discharge of the debtor will bar collection of any deficiency. The same result would follow a trustee's sale. *See generally Crouch*, 104 B.R. at 772–74; *Peacock*, 87 B.R. at 659–61.

When a nondefaulting debtor is discharged while retaining the collateral, the principal disadvantage to the creditor is the possibility that the value of the collateral will be less than the balance due on the secured debt. But this is a risk in all installment loans, and presumably the creditor has structured repayment to accommodate it. If the debtor defaults by, for example, omitting payment, allowing insurance to lapse, or failing to maintain the collateral properly, the creditor can repossess the collateral and sell it. *See Belanger*, 118 B.R. at 372. The bar to recovering any deficiency is the same after bankruptcy as it would have been had the collateral been sold during the bankruptcy proceedings. If the debtor does not default, the creditor receives the full benefit of the bargain despite bankruptcy.

■ We reject the argument that a debtor who wishes to retain the collateral and make installment payments as they come due should resort to Chapter 13 of the Bankruptcy Code. Chapter 13 envisions a new arrangement among the debtor and creditors, not a continuation of a contract to which the creditor and debtor have already agreed. We see no reason to require a debtor to opt for Chapter 13 simply because he or she wants to remain current on a contract. If Congress intended Chapter 13 to be the sole remedy for a debtor who wished to abide by contractual obligations, there would have been little reason for enacting § 521(2).

## II

We affirm the district court's judgment because we conclude that its construction of § 521(2) is supported by well-reasoned precedent and that it is faithful to the text of the Code.

AFFIRMED.