**In re Marvin Lee MERVIN, Debtor.**

**Bankruptcy No. 92–00494–5–ATS.**

United States Bankruptcy Court,
E.D. North Carolina.

Sept. 15, 1992.

John T. Orcutt, Raleigh, N.C., for debtor.

Holmes P. Harden, Raleigh, N.C., for trustee.

Gregory B. Crampton, Raleigh, N.C., for Central Bank of South.

William E. Brewer, Jr., Raleigh, N.C., for Brenda Mervin.

### ORDER DENYING MOTION FOR RELIEF FROM STAY

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court in this chapter 7 case is the motion for relief from the automatic stay filed by Central Bank of the South. A hearing was held in Raleigh, North Carolina, on August 18, 1992. The motion will be denied.

Marvin Lee Mervin filed a petition for chapter 7 relief on April 16, 1992. He listed a 1989 Pontiac Grand Am in his schedule of assets and noted that the automobile was in the possession of his ex-wife, Brenda Mervin. The debtor's schedule of secured claims listed Central Bank as having a $7,000 claim secured by the Grand Am and the debtor's statement of intention indicated Mr. Mervin's intention to surrender the Grand Am to Central Bank. The statement of intention was amended on May 15 to show the debtor's intention to retain the Grand Am and keep the payments current. Central Bank's motion for relief from the stay was filed two weeks later on June 1.

Mr. and Mrs. Mervin are divorced and the division of their marital property provided that Mrs. Mervin would have the Grand Am. Mrs. Mervin has possession of the car, and has paid, on a current basis, all of the monthly installments that have come due to Central Bank to date. She has also expressed her willingness to assume responsibility for future payments as well as all other obligations to Central Bank in connection with the Grand Am indebtedness.

Central Bank, however, contends that the loan documents which were signed by Mr. Mervin provide that Mr. Mervin must retain possession of the automobile, and that Mrs. Mervin's possession of the Grand Am is an event of default entitling Central

Bank to accelerate the note balance and repossess its collateral, the Grand Am.

The debtor argues that Central Bank should not be permitted to repossess the automobile because the payments are current and because the automobile is needed to support the debtor's dependent, a minor child living with Mrs. Mervin. The Grand Am is Mrs. Mervin's only means of transportation and the automobile is necessary for Mrs. Mervin's support and the support of the debtor's child.

The United States Court of Appeals for the Fourth Circuit has held that a chapter 7 debtor may retain personal property subject to a security interest without reaffirming the underlying debt as long as payments on the debt are current and there are no other defaults. *In re Belanger*, 962 F.2d 345 (4th Cir.1992). In the present case, the debtor does not have possession of the automobile, but he retains title and has an interest in the automobile to the extent that it is needed to support the debtor's dependent.

It is true that the loan documents require the maker of the note, Mr. Mervin, to retain possession of the vehicle, but, certainly, Central Bank's position with respect to the collateral is not jeopardized by the transfer of the marital property to Mrs. Mervin. If anything, the transfer of the vehicle to Mrs. Mervin enhances Central Bank's chances of collecting its loan. Mr. Mervin has received his chapter 7 discharge, and at this time there is no one who has personal liability for the Central Bank debt. Since, as stated in its motion, Central Bank is an undersecured creditor, it stands to take a loss. If Mrs. Mervin assumes the obligation and continues to keep the loan payments current, Central Bank will be paid in full.

The interests of Central Bank will be protected if title to the automobile is transferred to Mrs. Mervin, Mrs. Mervin assumes the indebtedness to Central Bank along with all of the obligations contained in the loan documents, and Mrs. Mervin makes all of the installment payments as they become due. This resolution of the motion is consistent with the Bankruptcy Code's goal of providing a fresh start to consumer chapter 7 debtors and their dependents.

Accordingly, the motion is DENIED. Furthermore, Mr. Mervin shall transfer title to the Grand Am to Mrs. Mervin who must assume all of Mr. Mervin's loan obligations to Central Bank in connection with the Grand Am indebtedness.

SO ORDERED.