**In re Michael Dean DOSS, Debtor.**

**FIRST NORTH AMERICAN NATIONAL BANK, Movant,**

v.

**Michael Dean DOSS, Respondent.**

**Bankruptcy No. 7–96–00308.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Oct. 15, 1996.

Richard C. Maxwell, Charlottesville, VA, for Movant.

Gary M. Bowman, Roanoke, VA, for Respondent.

DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The issue presented in this case is whether a Chapter 7 debtor, who is not current in his secured consumer goods installment payments, complies with 11 U.S.C. § 521(2)(A)

by merely stating his intention to retain the collateral.[1]

### Facts

First North American National Bank (FNANB) holds a security interest in a refrigerator and several audio components purchased by Michael Dean Doss (the Debtor) from Circuit City. With his bankruptcy schedules, the Debtor submitted a statement of intentions under section 521(2)(A). However, as to his intention to retain or surrender property of the estate securing consumer debts, the Debtor listed "NONE". FNANB thereafter filed a motion to compel Debtor to file statement of intentions and comply with such intentions and to suspend discharge. In response, the Debtor amended his statement of intentions as follows: "The debtor desires to retain the property, but he does not desire to reaffirm or redeem the property. If the creditor desires to recover the property, it should assert its remedies under state law."

A hearing on FNANB's motion was held on July 23, 1996. The Debtor testified that he was in possession of the collateral and that, at the time of filing his petition, he was delinquent in his obligation to FNANB. Moreover, the Debtor has made no payments to FNANB since filing for relief.

### Positions of the Parties

FNANB takes the position that once the Debtor states his intention to retain, the Debtor must then state an intention to either redeem, reaffirm, or surrender. FNANB argues that Debtor's failure to make the additional statement of intention requires surrender of the collateral. The Debtor, on the other hand, believes that all that is required is a statement of intention to retain or surrender.

### Discussion

█ When Congress passed the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984), it added section 521(2) to the Code.[2] The meaning of this subsection has divided five courts of appeals. The Tenth Circuit, in *Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989), held that the requirements of section 521(2) are mandatory, *Lowry*, 882 F.2d at 1545 n. 2, but that redemption and reaffirmation are not the exclusive means by which a debtor may keep secured property. *Id.* at 1547. If the creditor will not otherwise be prejudiced, "a bankruptcy court may allow retention conditioned upon performance of the duties of the security agreement...." *Id.*

In *Matter of Edwards*, 901 F.2d 1383 (7th Cir.1990), the Seventh Circuit refused to follow *Lowry*. The Seventh Circuit ruled that a debtor who desires to retain exempt or abandoned property has two choices: redemption or reaffirmation. *Edwards*, 901 F.2d at 1387. These options are exclusive even if a debtor is not in default and continues to make payments under the loan agreement. *Id.* The Eleventh Circuit, in *In re Taylor*, 3 F.3d

1. *In re Belanger*, 962 F.2d 345 (4th Cir.1992), does not restrict a debtor not in default at the petition date to the options of retention, and then, reaffirmation or redemption as set forth in the statement. *Accord, Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989). The real issue in this case is whether *Belanger* should be extended to the case where the debtor is in default prepetition.

2. Section 521(2) provides:
   (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
   (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
   (B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
   (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.

1512 (11th Cir.1993), agreed with *Edwards* and cited the "plain language" of the statute as requiring redemption or reaffirmation before a debtor may retain secured property. *Taylor*, 3 F.3d at 1516. The most recent opinion on this issue, *Matter of Johnson*, 89 F.3d 249 (5th Cir.1996), adopted the Eleventh Circuit's reasoning.

Although the interpretation of section 521(2) has been marked by an absence of uniformity,[3] the meaning of this section in the Fourth Circuit is clear. In deciding *In re Belanger*, 962 F.2d 345 (4th Cir.1992), the court of appeals was faced with a couple who had financed the purchase of a mobile home before declaring bankruptcy. Upon entering Chapter 7, the Belangers, who were current in their loan payments, filed a statement of intentions and indicated their wish to retain the collateral but not to redeem or reaffirm. The secured creditor objected to the Belangers' election, but the court of appeals held that the debtors had satisfied section 521(2).

In ruling for the Belangers, the court read section 521(2) to mean that a debtor must:

> ... give notice stating an intention either to retain or surrender the property. If applicable, the notice must specify whether the debtor intends to exempt the property, redeem it, or reaffirm the debt. But if these options are not applicable, the notice need not specify one of them. The options stated in the statute are not exclusive.

The *Belanger* decision is clear that the options to the debtor in section 521(2) are not exclusive.[4] *Belanger*, 962 F.2d at 347.

The language of the statute does not tell the reader when the statutory options of redemption or reaffirmation become "applicable." It does state that first the debtor must elect to retain or surrender. Then follows the "if applicable" language. It is clear that redemption or reaffirmation could only be "applicable" if the debtor elects to retain. It

is likewise clear from the statutory language "if applicable" that it is possible that there can be instances where retention and reaffirmation would not be applicable.

11 U.S.C. § 521(2) is one of the debtor's statutory duties. The statutory language shows a Congressional intent to give the debtor some flexibility in carrying out that duty. The mandatory portion of the statutory language is "the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property." Once the debtor fulfills this mandatory duty, he must determine if a claim of exemption, redemption, or reaffirmation is "applicable". The Bankruptcy Code gives the debtor the right to exercise the option of redemption of personal property (11 U.S.C. § 722) or reaffirmation (11 U.S.C. § 524(c)). Thus, the debtor determines if redemption or reaffirmation are "applicable" when he files his statement of intention. If the debtor elects to forego these options, they are not then "applicable" to his statement of intention under section 521(2)(A). Thus, a reading of section 521(2)(A) in conjunction with the Code sections involving redemption and reaffirmation leads to the conclusion both that an election to redeem or reaffirm is not mandatory and that redemption or reaffirmation are not the only options available to the debtor.

■ *Belanger* identifies an available option to the debtor who is current prepetition *i.e.*, to keep the collateral and pay for it according to contract terms. This court finds that a logical extension of *Belanger* dictates a rule which states that the debtor fulfills his duties under section 521(2) when he discloses his intention to retain and either opts to: 1. redeem or reaffirm; or 2. is silent on redemption or reaffirmation, thereby indicating his election to forego those options. Once the debtor fulfills his duty in either of these ways, the secured creditor knows that, re-

---

**3.** In addition to the 3–2 split among the circuits, district and bankruptcy courts also have failed to reach a consensus on this issue. However, a majority of the decisions have found that the statutory list is not exclusive. Jim D. Pappas, *Section 521(2) of the Bankruptcy Code: The Creditor's Predicament in Getting Paid as Agreed*, 99 Com.L.J. 45, 61 (1994).

**4.** The court quoted a prominent treatise in support of its rationale. *See* 3 Lawrence P. King, *Collier on Bankruptcy* § 521.09A, at 521–49 (15th ed. 1996) ("Nothing in section 521(2) requires the debtor to choose redemption, reaffirmation, or surrender of the property to the exclusion of all other alternatives although no other alternatives are provided for in the Code.").

gardless of the status of the debt at date of filing, the debtor intends to keep the property until the creditor takes action to divest him of it. This interpretation of the statute is consistent with the concept of section 521(2) as a procedural provision demanding creditor notification. *Belanger*, 962 F.2d at 347.[5] Further, this interpretation is consistent with statements in *Collier*, cited with approval in *Belanger*, that section 521(A) and (B) do not alter the debtor's rights with regard to the collateral. *Id.*[6]

Although the facts in the case presently before the court can be distinguished from those in *Belanger*,[7] the result is the same. *Belanger* holds that the choices listed in section 521(2) are not exclusive and that a debtor can comply with the statute by giving adequate notice of his intentions with respect to the collateral. Mr. Doss did just that. In his statement of intentions, Doss wrote that he desires to retain the property, but does not desire to reaffirm or redeem the property. From this unambiguous declaration, it was clear that Doss affirmatively elected against pursuing the options enumerated in the statute (*i.e.*, exemption, redemption and reaffirmation). Because he was not current in his obligation at the time of filing, FNANB also knew that Doss could not elect the option recognized in *Lowry* and *Belanger* of retention and payment according to contract terms. In short, the secured creditor was put on notice that Doss intended to hold the collateral throughout bankruptcy and into any state court proceeding. Thus, in

this case, there was no risk that FNANB would move to gain relief from the stay only to learn that the Debtor intended to surrender the consumer goods. FNANB was able to intelligently weigh its alternatives from the outset and could elect to immediately take steps to gain relief from the automatic stay imposed by 11 U.S.C. § 362.

### Conclusion

The Debtor's statement of intentions adequately apprised FNANB of the Debtor's intention. As a result, the Debtor satisfied his duty under section 521(2).[8] *See supra* note 5. Accordingly, it is

### ORDERED:

That First North American National Bank's motion to compel Debtor to file and comply with statement of intentions and to suspend discharge be, and it hereby is, **DENIED.**

---

5. The Bankruptcy Court's opinion at 118 B.R. 368, 370–71 (Bankr.E.D.N.C.1990), details the rationale for the Fourth Circuit's conclusion:

> Section 521(2)(A) ... is essentially a *notice* requirement to permit secured creditors to ascertain the debtor's intentions early in the case. * * * The complaint was that the secured creditor would often incur the expense of filing an adversary proceeding to lift the stay only to learn that the debtor all along intended to surrender the property without a contest. The solution to the problem was to require an early disclosure of the debtor's intention with respect to the property and early performance. If the creditor were to know what the debtor intended to do with the collateral, it would know how to proceed, such as by entering into a reaffirmation agreement, picking up the collateral, or seeking to modify the stay.

6. "In enacting section 521(2)(C), Congress also rejected the proposition, embodied in earlier bills, that the debtor was required to choose among only the options of surrendering the property, redeeming it, or reaffirming the debt." 3 Lawrence P. King, *Collier on Bankruptcy* § 521.09A, at 521–52 (15th ed. 1996).

7. In *Belanger*, the debtors were current in their loan payments and desired to remain current. Mr. Doss, on the other hand, is in default.

8. Mr. Doss's statement and subsequent actions also are consistent with § 521(2)(B). This subsection requires the debtor to perform his intentions, as specified in subparagraph (A), within forty-five days after filing his statement. As Mr. Doss simply chose to retain the property, his performance was accomplished when he filed his statement of intention.