## GOVERNMENT EMPLOYEES CREDIT UNION, Appellant,

v.

## Mario CASTILLO, and Lorenza Castillo, Appellees.

### No. EP–97–CA–206–H.

United States District Court,
W.D. Texas,
El Paso Division.

July 29, 1997.

Carlos A. Miranda III, Harrel B. Davis, Andrew B. Krafsur, Krafsur Gordon Mott PC, El Paso, TX, for Appellant.

Edgar Borrego, El Paso, TX, for Appellee.

## MEMORANDUM OPINION AND ORDER

HUDSPETH, Chief Judge.

This is an appeal from an order entered by the United States Bankruptcy Court for the Western District of Texas. In particular, Appellant Government Employees Credit Union (GECU) seeks to overturn the Bankruptcy Court's ruling on its motion to compel Debtors Mario and Lorenza Castillo to comply with 11 U.S.C. § 521. For the reasons set forth below, the Bankruptcy Court's decision is reversed.

The facts relevant to this appeal are as follows: The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on September 17, 1996. Prior to filing for bankruptcy, the Debtors purchased a 1994 Volkswagen Jetta that was financed by a secured loan from GECU. A subsequent loan, also made by GECU, was secured by the Jetta. After filing for bankruptcy, the Debtors continued to make payments on the loan. However, GECU contends that under § 521 of the Bankruptcy Code, the Debtors are required to either (1) surrender the Jetta; (2) reaffirm their obligation pursuant to § 524(c) of the Bankruptcy Code; or (3) redeem the Jetta pursuant to § 722 of the Bankruptcy Code.

Section 521(2)(A) of the Bankruptcy Code provides that within thirty days of filing a petition under chapter 7, a debtor shall file a statement of his intention with respect to the retention or surrender of any property that serves as security for consumer debt. 11 U.S.C. § 521(2)(A). The statute further provides that if applicable, the notice of intention should specify that such property "is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." *Id.* Whether a debtor is limited to these three options has been hotly contested in recent jurisprudence.

The Bankruptcy Court held that a fourth alternative exists under § 521(2)(A), and found that a notice of intent to continue making payments on secured property and subsequent performance of that intent within 45 days will satisfy the notice requirements of § 521(2)(A). In doing so, the Bankruptcy

Court followed the decisions of the Fourth and Tenth Circuits. *See, In re Belanger,* 962 F.2d 345 (4th Cir.1992); *Lowry Federal Credit Union v. West,* 882 F.2d 1543, 1546 (10th Cir.1989). However, the Fifth Circuit Court of Appeals has recently rejected the rationale of *Belanger* and *Lowry. Johnson v. Sun Finance Co.,* 89 F.3d 249 (5th Cir. 1996). In *Johnson,* the court joined the Eleventh Circuit in holding that "the debtors are limited to the three options set forth in [§ 521(2)(A) ]." *Id.* at 252. Accordingly, the Bankruptcy court's decision on GECU's request to compel debtors to comply with § 521 of the Bankruptcy Code must be reversed, and this matter remanded to the Bankruptcy Court for further proceedings.

It is therefore ORDERED that the order of the United States Bankruptcy Court for the Western District of Texas filed April 25, 1997, in the above-styled and numbered proceedings be, and it is hereby, REVERSED.

It is further ORDERED that this cause be, and it is hereby, REMANDED to the United Stated Bankruptcy Court for the Western District of Texas for further proceedings.