**In re Paul Steven MILBY, Debtor.**

**No. 07–71553–7.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

June 16, 2008.

Malissa Lambert Giles, Tracy Allen Giles, Giles & Lambert, PC, Roanoke, VA, for Debtor.

Charles R. Allen(69), Jr., Roanoke, VA, for Trustee.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

#### Facts

The matter before the court is a motion by Paul Steven Milby (herein the "Debt-

or") for a ruling that he has performed his obligations under 11 U.S.C. §§ 521(a) and 362(h) or, alternatively, for approval of two reaffirmation agreements which he has entered into with State Farm Insurance Bank (herein the "Bank").[1] The two reaffirmation agreements cover two auto loan debts (herein referred to collectively as the "Debts"). The Bank received a copy of the motion. Hearing on the motion was originally scheduled for January 8, 2008, in Roanoke, Virginia. At the hearing, the Debtor appeared and was represented by counsel. Counsel proffered at the hearing that she declined to execute Part C of Form 240, the reaffirmation agreement, because the Debtor's budget clearly indicated that there is a presumption of undue hardship established with respect to the reaffirmation agreement. Counsel also proffered that she did not represent the Debtor in the negotiation of the reaffirmation agreement.

No evidence was offered at the hearing to rebut the presumption of undue hardship.[2] The Debtor knows that he cannot achieve reaffirmation of the Debts to the Bank. However, he is current on his monthly payments to the Bank on both vehicles and wishes to retain them without the fear that the Bank will exercise its *ipso*

*facto* rights under its contracts with him and repossess the vehicles.[3] The Debtor wishes to accomplish this by obtaining a ruling from the court that he has complied with all of his statutory obligations for reaffirmation of the debt under 11 U.S.C. § 521(a)(2) and (a)(6) in order to restrain the Bank post-discharge from exercising its contractual rights and its state law remedies unless he defaults in his payments.[4] Such a ruling would permit the Debtor to obtain a discharge of any deficiency claim and would permit him to retain the vehicles and use them as long as the note payments are made.[5]

### *Discussion*

I.  Subject Matter Jurisdiction.

■ The court is concerned about subject matter jurisdiction to determine Debtor's compliance with 11 U.S.C. § 521(a)(2) and (a)(6). There are no factual allegations in the Debtor's motion which give rise to an issue between the Debtor and the Bank concerning the availability of the *ipso facto* provisions post-discharge. The Debtor expresses a concern in paragraph nine of his motion that he anticipates that the Bank may exercise its contractual rights post-discharge even though there is a post-discharge injunction unless he is armed with an order of this court reciting

1.  *See* docket entries 17 through 19.

2.  *See,* 11 U.S.C. § 524(m)(1) (2006).

3.  The contractual provision under which the Bank could proceed is typically denominated the *ipso facto* clause in the contract. In this particular instance, the Debtor attached promissory notes and security agreements with the Bank for a 2006 Nissan Xterra and 2002 GMC Sonoma. The *ipso facto* clauses are imbedded in a paragraph titled "Events of Default and Acceleration" under the "Additional Terms and Provisions" of the note and security agreement.

4.  The Debtor must timely file the statement of intention required by section 521(a)(2) and

timely enter into a reaffirmation agreement under section 521(a)(6) in order to avoid lifting of the stay under section 362(h) and the consequences of section 521(d). *See infra* note 6

5.  This would give the Debtor the best of all possible worlds since he obtains his discharge and retains the right to use the vehicles. As far as the Bank is concerned, a ruling favorable to the Debtor eliminates that which it bargained for in the reaffirmation agreement and puts its collateral value in jeopardy for as long as the Debtor retains the collateral and pays for it. In short, the Bank does not receive any consideration (waiver of discharge) from the Debtor in exchange for letting the Debtor keep the cars.

that he has satisfied all the statutory requirements to prohibit the creditor from exercising its rights.[6] It appears to the court that the Debtor is seeking a declaratory judgment from the court. The Debtor offered no evidence which would support his concern and there is no evidence that the Bank intends to exercise its contractual rights post-discharge if the reaffirmation agreements are not approved.

*In re Adelphia Communications Corp.,* 307 B.R. 432 (Bankr.S.D.N.Y.2004), states: "For a court to have subject matter jurisdiction over a declaratory judgment action, there must be 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Id.* at 437. The Debtor's pleadings in this case do not demonstrate the elements necessary for a declaratory judgment ruling. It is entirely possible that the issue of the exercise of the *ipso facto* clause by the Bank will not occur as long as the Debtor continues to make his note payments. Further, a state court would have concurrent jurisdiction to make such a determination should the Bank attempt to exercise the *ipso facto* contractual provisions post-discharge.[7] In summary, there is not an actual case or controversy before this court and the issue which the Debtor refers to in paragraph nine of his motion is not ripe for decision.

## II. Good Faith.

■ Even if subject matter jurisdiction is present, this case raises the issue of good faith as an element in the reaffirmation process. The Debtor in his pleading relies on *In re Husain,* 364 B.R. 211 (Bankr.E.D.Va.2007), to support his position that he has timely performed his obligations under the statute so that the post-discharge stay provisions prohibit exercise by the Bank of the *ipso facto* clauses of the contracts which the Debtor entered into with the Bank pre-petition. *Husain* contains a detailed analysis of the statutory provisions relevant to a decision in this case and applies them to a factual situation similar to the facts in this case. However, there is a distinction which dictates a result different from that arrived at in *Husain.* In this case, it appears that the Debtor's intention in entering into a reaffirmation agreement with the Bank was solely to comply with the requirements of sections 362(h) and 521(a), in order to obtain a ruling that section 521(d) is not operative and that the Bank is stayed by the postdischarge injunction. In *Husain,* footnote fourteen states:

> In some circumstances, a reaffirmation agreement entered into by the debtor in good faith may satisfy the requirements of §§ 362(h), 521(a)(6) and 521(d) where the court disapproves the reaffirmation agreement under § 524(c)(6), especially where, as here, the debtor intends to perform under the reaffirmation agreement and where disapproval by the court is beyond the debtor's control.

*See id.* at 219 n. 14 (citing *In re Donald,* 343 B.R. 524, 541 (Bankr.E.D.N.C.2006)).

---

6. As explained in *In re Husain,* 364 B.R. 211 (Bankr.E.D.Va.2007); "The general rule is that an *ipso facto* clause in an installment loan contract is 'unenforceable as a matter of law.' " *Id.* at 218 (citing *Home Owners Funding Corp. v. Belanger (In re Belanger),* 962 F.2d 345, 348 (4th Cir.1992); *Riggs Nat'l Bank v. Perry,* 729 F.2d 982 (4th Cir.1984)). However, BAPCPA carved out an exception to this rule by adding 11 U.S.C. § 521(d). Un-

der section 521(d), an *ipso facto* clause now may be made operative if the debtor fails to comply with the provisions of section 521(a)(6).

7. Nothing in 11 U.S.C. § 524 confers exclusive jurisdiction on the bankruptcy courts to determine the scope or applicability of the discharge injunction.

In this case, the Debtor made absolutely no effort to persuade the court to overrule a presumption of undue hardship which he admits is present. It is incumbent upon the debtor to prove good faith in complying with the statutory provisions which would prohibit a secured creditor from exercising its contractual rights post-discharge. To hold otherwise would permit all debtors to go through the procedural exercise of compliance when they know they have no basis for persuading the court to overrule a presumption of undue hardship.

### Conclusion

This court holds that it does not have subject matter jurisdiction to determine that the Debtor has performed his obligations under 11 U.S.C. §§ 362(h) and 521(a) solely for purposes of determining that section 521(d) is not applicable and that the Bank is restrained by the post-discharge injunction from declaring the note and security agreement between the Bank and the Debtor in default as a result of the *ipso facto* clause in the Debtor's notes and security agreements with the Bank. Further, this court holds that even if subject matter jurisdiction for such a determination attached, the Debtor in this case did not enter into a reaffirmation agreement in good faith but solely for the purpose of satisfying the statutory requirements necessary to restrain the Bank from exercising its *ipso facto* clause post-discharge. Accordingly, it is

### ORDERED:

That the Debtor's motion for approval of the reaffirmation agreement with State Farm Insurance Bank be, and it hereby is **DENIED,** and his motion for a ruling that he has performed under 11 U.S.C. §§ 362(h) and 521(a) is **DISMISSED** for want of subject matter jurisdiction.